**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTIONE DIRAY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-580-R |
| | ) | |
| STATE OF OKLAHOMA, et al. | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff filed this action seeking a writ of mandamus with regard to certain state court proceedings in the District Court of Comanche County, Oklahoma, namely CF-09-8. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On July 31, 2020, Judge Erwin issued a Report and Recommendation wherein he recommended that the action be dismissed upon screening for lack of jurisdiction, because the Court's mandamus power extends only to federal officials or agencies, and Plaintiff had named only state officials. (Doc. No. 9). In response to the Report and Recommendation, Plaintiff filed an "Objection Pursuant to 28 U.S.C. § 636 Motion to Amend § 1361 Mandamus Material Change in the Identity of the Defendant Christopher Wolpert, Clerk of the Tenth Circuit." (Doc. No. 10). Therein, Plaintiff does not address Judge Erwin's Report and Recommendation, but rather asserts the Court should permit him to name Christopher Wolpert as Defendant because

Mr. Wolpert, a federal employee, refused to file certain documents as required in his capacity as Clerk of Court for the United States Court of Appeals for the Tenth Circuit.[1]

Because Mr. Johnson did not object to the Report and Recommendation, it is hereby ADOPTED and the original Complaint is DISMISSED for lack of jurisdiction. The Court further DENIES Plaintiff leave to amend, because amendment would be futile.

Petitioner contends that the Clerk of Court refused to file a motion to withdraw the mandate, citing Federal Rule of Civil Procedure 5(d)(4), which states "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule of practice." Although the Federal Rules of Civil Procedure apply to the District Court, not the appellate courts, *see* Fed. R. Civ. P. 1, Federal Rule of Appellate Procedure 25 is a corollary rule.[2] Regardless, the Tenth Circuit has held that the district courts lack jurisdiction to compel a clerk of court to act under § 1361, because the clerk is not an employee of an agency of the United States. *Trackwell v. U.S. Government*, 472 F.3d 1242, 1246 (10th Cir. 2007).[3]

> To be sure, the office of the Clerk is not the Supreme Court itself. But here the Clerk is being asked to perform a judicial function delegated by the Supreme Court—the filing of an application. In the context of judicial immunity from claims for damages, when a court clerk assists a court or a judge in the discharge of judicial functions, the clerk is considered the functional equivalent of the judges and enjoys derivative immunity. *See e.g. Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir 1989)(filing of documents by clerk is integral part of judicial process and protected by judicial

---

[1] Plaintiff asserts jurisdiction under 28 U.S.C. § 1361, which provides federal district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[2] "The clerk must not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or by any local rule of practice." Fed. R. App. P. 25(a)(4).

[3] The Court also noted, "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable." *Id.*

immunity); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987)(bankruptcy court clerks entitled to judicial immunity for refusing to accept an amended petition); *Wiggins v. N.M. State Sup.Ct. Clerk*, 664 F.2d 812, 815 (10th Cir. 1981)(state-court clerk entitled to judicial immunity for role in denial of habeas petition). By the same token, in this case the office of the Clerk should be treated as the Court itself in construing § 1361. In other words, when performing judicial functions, the office of the Clerk is not an agency or department of the United States. In the language of *Hubbard*, the context is far from "fairly powerful" in "showing" that the Clerk's office in that circumstance is to be treated as a department or agency under § 1361. Thus, the district court lacked subject-matter jurisdiction under§ 1361 insofar as [Plaintiff] sought relief from the Clerk in his official capacity.

*Id.* at 1247 (citation omitted). Accordingly, the Court finds that amendment would be futile, and therefore, to the extent Mr. Johnson's objection includes a request for leave to amend, the request is DENIED.[4]

For the reasons set forth herein, this action is DISMISSED WITHOUT PREJUDICE. The Report and Recommendation is ADOPTED IN ITS ENTIRETY and Plaintiff's Motion for Leave to Amend is DENIED.

**IT IS SO ORDERED** this 9th day of September 2020.

*David L. Russell*

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[4] In light of Plaintiff's *pro se* status the Court has granted his pleadings and other papers liberal construction. *Trackwell*, 472 F.3d at 1243.